```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 06-22080-CIV-SEITZ
                                    MAGISTRATE JUDGE P. A. WHITE

STEVEN ANTHONY MITCHELL,         :

     Plaintiff,                  :

v.                               :      REPORT OF
                                        MAGISTRATE JUDGE
SECRETARY JAMES CROSBY, JR.,     :
ET AL.,

     Defendants.                 :
_____
```

This Cause is before the Court upon the defendants' Motion to Change Venue. [DE# 60]. The defendants seek to have this case transferred to the Northern District of Florida for the convenience of all parties and witnesses, and because there are several ongoing cases in that district raising the same legal issue.

This civil action is proceeding on the claim of denial of free exercise of religion against the defendants McDonough, Sealy and Tyus, the claim of retaliation against the defendants Tyus and Zavaleta, a claim of denial of rights under the Eighth Amendment against Zavaleta and a claim of a denial of rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc et seq. by discontinuing the Jewish Dietary Accommodation Program ("JDAP") against the defendants McDonough and the DOC.  The Undersigned has recently issued a Report recommending that the First Amendment (retaliation) claim against Rivera raised in the Fourth Amended Complaint remain pending, leaving the Operative Complaint in this civil action as the Amended Complaint [DE# 11], Second Amended Complaint [DE# 16], Third

Amended Complaint [DE# 40] and Fourth Amended Complaint [DE# 53] to the extent ordered.

28 U.S.C. §1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The decision to transfer under section 1404(a) lies within the discretion of the district court and is to be determined upon notions of convenience and fairness on a case-by-case basis.  <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).  In this case, although venue is proper in the Southern District, the Court may transfer claims "for the convenience of the parties, in the interest of justice." 28 U.S.C. §1404(a).  As the plaintiff could have brought his claims in the Northern District because the decisions regarding the JDAP were made in Tallahassee, and because several defendants and witnesses reside there, it would be in the interest of justice to transfer this case to the Northern District of Florida.

It is therefore recommended that the Motion to Change Venue [DE# 60] be granted, and this civil action be transferred to the United States District Court for the Northern District of Florida.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 28th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Stephen Anthony Mitchell, <u>Pro Se</u>
No.  447259
Reception and Medical Center - West Unit
8183 S.W. 152 Loop
P. O. Box 628
Lake Butler, FL 32054-0628

James D. Murdock, II., Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, FL 33301