UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-22080-CIV-SEITZ/WHITE

STEVEN ANTHONY MITCHELL,

    Plaintiff,

v.

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/



## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO TRANSFER VENUE

THIS MATTER is before the Court upon the Report and Recommendation [DE-61] of the Honorable Patrick A. White, United States Magistrate Judge. On August 21, 2006, Plaintiff filed the Complaint [DE-1] pursuant to 42 U.S.C. § 1983 raising claims for various alleged constitutional violations occurring at the time of his confinement at the Everglades Correctional Institution. After the filing of four Amended Complaints [DE-11, 16, 40, 62], the action is currently predicated on the following causes of action: (1) denial of free exercise of religion against Defendants McDonough, Sealy, and Tyus; (2) retaliation against Defendants Tyus and Zavaleta; (3) denial of rights under the Eighth Amendment against Defendant Zavaleta; and (4) denial of rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Defendants McDonough and Department of Corrections ("DOC"), in connection with the discontinuation of the Jewish Dietary Accommodation Program ("JDAP").[1] On March 25, 2008, Defendant filed a Motion to Transfer Venue and Stay Proceedings [DE-60], to which Magistrate Judge White issued the instant Report in favor of transfer. Plaintiff filed an objection thereto. The Court has carefully reviewed, *de novo*, Magistrate Judge White's Report and Recommendation, Plaintiff's objection, as well as the record and pertinent legal authorities, and adopts Magistrate Judge White's conclusions in full.

Title 28 U.S.C. § 1404 provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

---

[1] With regard to the RLUIPA claim, Plaintiff recently filed a Motion to Certify Class [DE-52] in connection therewith.

U.S.C. § 1404(a).[2] The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). The movant has the burden of persuading the trial court that the transfer is appropriate and should be granted. *See In re Rich Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Whether transfer is appropriate depends on two inquiries: (1) whether the action "might have been brought" in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified. *See Del Monte v. Dole*, 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001)   Such factors include the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of service of process to compel the presence of unwilling witnesses, the cost of obtaining the presence of witnesses, the public interest, and all other practical problems that make trial of the case easy, expeditious, and inexpensive. *See Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

Here, the majority of named Parties reside in the Northern District of Florida, including Plaintiff Steven Mitchell and Defendants DOC, Tyus, and McDonough; only two parties reside in the Southern District, Zavaleta and Sealy. As to the RLUIPA claim, the administrative determination to terminate the JDAP occurred in Tallahassee, with the majority of relevant witnesses and documentary evidence located there or in close proximity.[3] Furthermore, Plaintiff's proposed ten class members, and their related inmate files, are also located in the Northern District.

In response, Plaintiff objects that he will suffer inconvenience in "reestablish[ing] the case with a new

---

[2] Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Accordingly, as all Defendants reside in either the Northern District and Southern District of Florida, venue would have been proper in either District. As such, the Court need only address the second prong of the transfer test, namely whether transfer would serve the interests of justice.

[3] This is supported by the fact that at least three substantially similar RLUIPA actions are currently pending in the Northern District, each involving the same witnesses and documentation. *See Young v. McNeal*, 08-00044; *Linehan v. Crosby*, 06-225; *Lawson v. McDonough*, 04-105; *Muhammad v. Crosby*, 05-193.

magistrate, a new judge, and a new attorney of the [D]efendants." Such objection, however, is insufficient to overcome the fact that the majority of witnesses, documentary evidence, and Parties are located in the Northen District of Florida.[4] Plaintiff also argues that transfer may adversely affect the Volunteer Lawyer's Project's ability to represent him in the instant matter. While the Court is sympathetic to Plaintiff's concern, location of counsel is entitled to the least consideration with regard to transfer determinations. *See Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1304 (S.D. Fla. 2002). Furthermore, and most significantly, the Volunteer Lawyer's Project does not, in-fact, represent Plaintiff, and has given no clear indication of its intention to do so in the future. Therefore, as Plaintiff's objections are unavailing, and in an effort to serve the interests of justice and judicial economy, it is hereby

ORDERED that:

(1) The Report and Recommendation of Magistrate Judge Patrick A. White [DE-61] is AFFIRMED AND ADOPTED;

(2) Defendant's Motion to Transfer [DE-60] is GRANTED;

(3) The Clerk of the Court shall TRANSFER this Case in its entirety to the United States District Court for the Northern District of Florida; and

(4) This Case is CLOSED.

DONE and ORDERED in Miami, Florida, this 5th day of June 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge White
Counsel of Record/*Pro Se* Parties

---

[4] Plaintiff's objection is further undercut by the fact that both sides will necessarily undertake the same task of litigating before a transferee judge.